# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**KYLE SEYMOUR,**

                                                            **Case Number:**

    **Plaintiff,**

**v.**

**PAD & CHI, INC.**
**d/b/a BAYOU TAVERN**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Kyle Seymour, by and through her undersigned counsel, hereby brings this action for unpaid minimum wages against Defendant, Pad & Chi, Inc., d/b/a "Bayou Tavern" pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of his Complaint, Plaintiff states as follows:

### Parties

2. Plaintiff resides in Manatee County, Florida.

3. Defendant operates a restaurant in Longboat Key, Florida known as "Bayou Tavern."

4. Plaintiff was employed by Defendant as a "server".

5. Plaintiff was employed by Defendant from approximately October 1, 2019, until January 17, 2022.

## Jurisdiction

6. Defendant owns and operates an Italian restaurant in Longboat Key, Florida.

7. Defendant employed Plaintiff as a server in Longboat Key, Florida.

8. At all times during her employment, Plaintiff was employed by Defendant as a non-exempt employee in Longboat Key, Florida.

9. All events giving rise to this action occurred in Longboat Key, Florida.

## Facts

10. Plaintiff was employed by Defendant as a server.

11. As a server, Plaintiff primary duties including taking orders from customers and delivering food to customers.

12. Defendant paid Plaintiff on an hourly basis.

13. Specifically, Plaintiff was paid the "tipped minimum wage" during the majority of his employment with Defendant.

14. As a ser, Plaintiff regularly received tips from customers.

15. At all times during Plaintiff's employment, Plaintiff was a non-exempt employee to be paid on an hourly basis and not subject to any minimum exemptions or exceptions.

16. While Plaintiff was employed by Defendant, it was common for customers to give Plaintiff cash tips and tips via credit/debit card.

17. Defendant did not operate any tip pool during Plaintiff's employment with Defendant and Plaintiff did not participate in any tip pool during Plaintiff's employment with Defendant.

18. Plaintiff was entitled to retain the entirety of the tips he received each week as those tips were his earned wages.

19. During the entirety of Plaintiff's employment Defendant's maintained and enforced a policy wherein Defendant, by and through its owners and managers, misappropriated approximately 50% of the tips earned by Plaintiff each week.

20. Defendant intentionally misappropriated the tips earned by Plaintiff in two ways: (1) by physically removing cash tips from Plaintiff's tip folder and (2) by adjusting Defendant's computer system to reflect only 50% of the tips earned by Plaintiff. Defendant would then appropriate the other 50% of tips to Defendant without Plaintiff's consent.

21. 29 U.S.C. § 203(m)(2)(B) prohibits employers from keeping tips received by their employees regardless of whether or not the employer takes a tip credit.

22. Defendant regularly and routinely misappropriated Plaintiff's tips during Plaintiff's employment with Defendant.

23. During Plaintiff's employment Plaintiff objected to Defendant's policy of retaining 50% of Plaintiff's tips. In an effort to explain Defendant's illegal behavior, Defendant informed Plaintiff that Plaintiff's tips were being misappropriated in order to cover Defendant's expenses.

24. As a result of Defendant's misappropriation, Plaintiff did not receive all of the tips and wages to which he was entitled while he worked for Defendant.

25. Defendant received a significant benefit from Plaintiff's work and provision of services to Defendant and on Defendant's behalf.

26. Defendant engaged in an illegal policy of misappropriating Plaintiff's earned tips.

27. Defendant's policy and practice of retaining 50% of Plaintiff's tips affected every week of Plaintiff's employment.

28. Plaintiff has been financially damaged as a direct result of Defendant's policy of misappropriating 50% of Plaintiff's earned tips.

29. As of this date, Plaintiff still has not been paid the entirety of his earned tips and has not been compensated for the full extent of his damages and wage loss under the FLSA.

30. Plaintiff seeks full compensation, including recovery of unpaid tips, liquidated damages, attorney's fees, and costs because Defendant's conduct in misappropriating 50% of Plaintiff's earned tips was a calculated attempt to benefit of Defendant at Plaintiff's expense.

31. Defendant is a for profit corporation that operates and conducts business in Longboat Key, Florida, and is therefore, within the jurisdiction of the Court.

32. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that the involved restaurant industry and required Plaintiff to regularly communicate with out-of-state banking institutions by way of processing debit and credit cards.

33. This action is brought under the FLSA to recover from Defendant unpaid wages in the form of earned tips, liquidated damages, and reasonable attorneys' fees and costs.

34. The Court has jurisdiction over Plaintiff's claims as material events transpired in Longboat Key, Florida, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

35. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the restaurant industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including food, goods, materials and supplies, who also use telephones, fax machines and other instrumentalities of commerce.

36. At all material times relevant to this action, Plaintiff in his capacity as a server, and was individually covered by the FLSA. The very essence of Plaintiffs' employment, using the internet to communicate with foreign banking institutions, is so closely related to interstate commerce that Plaintiff's relationship to interstate commerce cannot be separated.

37. Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

38. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment.

39. Defendant is in exclusive possession of the majority of relevant records in this case, including sales receipts, payroll records, records of payments made by Plaintiff to Defendant to cover "walkouts," and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise amount owed to Plaintiff.

40. Plaintiff has been financially damaged by Defendant's failure to properly compensate Plaintiff.

## COUNT I – RECOVERY OF UNPAID TIP WAGES

41. Plaintiff reincorporates and readopts all allegations contained in Paragraphs 1-40, above.

42. Plaintiff was employed by Defendant as a non-exempt employee in Longboat Key, Florida.

43. Plaintiff worked for Defendant in Longboat Key, Florida.

44. Plaintiff was entitled to retain all tips earned by Plaintiff while working for Defendant.

45. Defendant engaged in misappropriating approximately 50% of Plaintiff's earned tips during Plaintiff's employment with Defendant.

46. Defendant misappropriated approximately 50% of all tips earned by Plaintiff during the entity of Plaintiff's employment with Defendant.

47. 29 U.S.C. § 203(m)(2)(B) prohibits employers from keeping tips earned by employees.

48. Plaintiff was damaged by Defendant's misappropriation of Plaintiff's tips.

49. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid tip wages, liquidated damages, attorney's fees, and costs.

50. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid tip wages, liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 24th day of January, 2021.

>**/S/ Kyle J. Lee**
>Kyle J. Lee, Esq.
>FLBN: 105321
>LEE LAW, PLLC
>1971 West Lumsden Road, Suite 303
>Brandon, FL 33511
>Telephone: (813) 343-2813
>Kyle@KyleLeeLaw.com